YARRUT, Judge.
This cases involves a return by the District Judge on an alternative writ of mandamus issued by this court.
On March 9, 1967, the District Judge appointed Relator ancillary tutrix of her two minor children, and issued her letters of tutorship. On March 21, 1967, on motion of the paternal grandmother of the children, the District Judge ex parte removed Relator as ancillary tutrix without a hearing. Relator then applied to this court for writs of certiorari, mandamus and prohibition, pursuant to which we issued the alternative writ that he give a full hearing to all parties or show cause to the contrary.
The writ of mandamus was not satisfied but the District Judge had the record transmitted to this court for our review.
The Respondent District Judge gave as his reason for his ex parte recalling of his order appointing Relator ancillary tutrix that it was improvidently issued. We do not decide at this time whether or not the order was improvidently issued. The only matter before us now is whether Relator is entitled to a contradictory hearing. LSA-C.C.P. Article 4234, reciting the proceeding necessary for the removal of a tutor provides, inter alia:
“The court on its own motion may order, and on motion of any interested party shall order, the tutor to show cause why he should not be removed from office. If service of this order cannot be made on the tutor fo.r any reason, the court shall appoint an attorney at law to represent him, on whom service shall be made and against whom the proceeding shall be conducted contradictorily.”
In oral argument before this court, counsel for Relator contended this court should award custody of the children to Relator. We cannot grant this relief as Relator only sought appointment as ancillary tutrix in the lower court, and did not bring any action which could result in the award of custody to her; nor did Relator request such relief in her application for writs to this court. Therefore, the only relief we can grant Relator is to order that she be given a contradictory hearing on the motion to remove her as ancillary tutrix; from which Relator may appeal to this court if dissatisfied.
For the above reasons, the alternative writ of mandamus is recalled, the writ of mandamus is made peremptory, and the District Judge is ordered to vacate, recall and rescind his order of March 21, 1967, which removed Relator as the ancillary natural tutrix of her minor children, and revoked and recalled her letters of tutorship; and, it is further ordered that the District Judge give all parties in this matter a contradictory hearing on the motion to remove Relator as ancillary tutrix without undue delay; costs in this court to be paid by Respondent Elizabeth Fox; taxing of all other costs to await the final decision herein.
Mandamus made peremptory.